UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Nicole Gathers,<br>    Plaintiff,<br><br>  v.<br><br>K&K Family Ventures, LLC and MGT, LLC,<br>    Defendants. | CASE NO.: _____<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

The Plaintiff complaining of the Defendant would show unto this Honorable Court as follows:

### **JURISDICTION AND PARTIES**

1. This suit is brought, and jurisdiction lies pursuant to the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e *et seq.* and for sexual harassment under Title VII of the Civil Rights Act of 1964.

2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

   a. A charge of employment discrimination on basis of sexual harassment was filed by the Plaintiff with Equal Employment Opportunity Commission ("EEOC").

   b. Notification of the Right to Sue was received from EEOC on or about June 6, 2024.

   c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

3. Plaintiff, Nicole Gathers, is a citizen and resident of the State of South Carolina, and resides in Charleston County, South Carolina.

4. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

5. The Defendant, K&K Family Ventures, LLC, is upon information and belief, a domestic corporation, and is organized and doing business in the State of South Carolina.

6. The Defendant, MGT, LLC, is upon information and belief, a domestic corporation, and is organized and doing business in the State of South Carolina.

7. Defendants are a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

8. Defendants are industries that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9. Defendants employ fifteen (15) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

10. The parties, matters and all things and matters hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

11. On or about March 18, 2018, Plaintiff began working for Defendant, MGT, LLC as a delivery driver, and in late 2023, K&K Family Ventures, LLC bought the business from MGT, LLC. At all times, Plaintiff was effective and efficient in her employment.

12. During Plaintiff's employment, Plaintiff was subjected to inappropriate sexual advances, comments and gestures by her Manager, Ronnie Moss.

13. Mr. Moss would constantly request to have a sexual relationship with Plaintiff and directed vulgar, sexual innuendos towards Plaintiff. Plaintiff would repeatedly turn down Mr. Moss and request him to stop.

14. On or about March 16, 2023, Mr. Moss changed Plaintiff's schedule to reduce her hours after Plaintiff raised concerns about his unwanted sexual advances.

15. The Plaintiff reported Mr. Moss' conduct to Human Resources, and they allowed Plaintiff to move to a different store to avoid working with Mr. Moss.

16. On or about August 23, 2023, Plaintiff was placed back under the supervision of Mr. Moss, when he came to assist at the new location. When Plaintiff stated to her manager that she was not supposed to be working under Mr. Moss, he laughed in Plaintiff's face.

17. After the complaints, Plaintiff was forced to continue to work with Mr. Moss wherein the harassment and inappropriate behavior continued, thereby creating a hostile work environment.

18. In or around November 2023, Plaintiff was constructively discharged by Defendant, K&K Family Ventures, LLC, due to her reports of sexual harassment.

19. It was the duty of Defendants, by and through their agents, servants and/or employees, to prevent such acts and behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

20. Despite her reporting the behavior, Defendants did not take appropriate action to resolve the problems and disciplined the Plaintiff for Mr. Moss inappropriate behavior upon her.

21. That the unjust disciplinary actions and termination of Plaintiff with Defendants was the response by Defendants, their agents and servants, to Plaintiff's reports and complaints of lewd and inappropriate behavior of Mr. Moss including sexual harassment.

22. That the aforesaid conduct of Defendants, their agents and servants, violates South Carolina and United States laws against retaliatory dismissal and was, in fact, retaliatory in nature, created a hostile work environment and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e et seq.).

23. As a direct and proximate result of the acts and practices of Defendants in retaliating against Plaintiff, creating a hostile work environment and in the constructive discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation and other past and future losses.

## FOR A FIRST CAUSE OF ACTION
### Sexual Harassment - Title VII of Civil Rights Act of 1964

24. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

25. Defendants, as Plaintiff and Mr. Moss' employer, were wanton, and intentional in the harassment of the Plaintiff in the following particulars, to wit:

   a. In visual, physical, and verbal contact by sexual advances and gestures that were initiated, maintained, and repeated after being informed by the Plaintiff that the contact was unwanted;

   b. In continually allowing Mr. Moss to maintain his presence near the Plaintiff while at work in an uncomfortable and inappropriate manner; and

   c. In refusing to remove the Plaintiff from the sexual harassment.

26. That by reason of the aforesaid recklessness, willfulness and wantonness of Defendants, Plaintiff has suffered injuries, both physically and mentally.

27. As a direct and proximate result of the acts and practices of Defendants in the constructive discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation and other past and future losses.

## FOR A SECOND CAUSE OF ACTION
### Constructive Discharge

28. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

29. The Defendants wrongful actions as set forth aforesaid were retaliatory in nature and constituted a hostile work environment for the Plaintiff.

30. That the aforesaid constructive discharge of Plaintiff's employment by the actions of the Defendants, constitutes a violation of clear mandate of public policy of the State of South Carolina as articulated in the South Carolina Human Rights Act and in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*).

31. As a direct and proximate result of the acts and practices of Defendants in creating a hostile work environment and in the constructive discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation and other past and future losses.

## REQUEST FOR RELIEF

32. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

33. Due to the acts of the Defendants, Plaintiff suffered great emotional and mental distress, terror, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.

34. That by reason of such wrongful acts of the Defendants, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against Defendants for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorney's fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against Defendants with back pay and associated benefits she would have earned with all lost or diminished benefits such date to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against Defendants for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

5. Judgment in favor of the Plaintiff and against Defendants for embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

6. Judgment against Defendants, in such an amount of actual damages, punitive damages, attorney's fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

**WIGGER LAW FIRM, INC.**

s/*Dominic M. Nation*
Dominic M. Nation (Fed. I.D. #14290)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
(843) 553-9800

North Charleston, South Carolina
August 13, 2024