IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Nicole Gathers,<br><br>   Plaintiff,<br> v.<br><br>K & K Family Ventures, LLC; MGT, LLC,<br><br>   Defendants. | Case No. 2:24-cv-4422-RMG<br><br><br>**ORDER** |

  This matter comes before the Court on a Report and Recommendation (R & R) of the Magistrate Judge recommending that Defendants' motion to dismiss be granted in part and denied part. (Dkt. No. 22). The Magistrate Judge recommends that Defendants' motion to dismiss Plaintiff's hostile work environment claim based on alleged sexual harassment by a supervisor be denied. (*Id*. at 5-8). The Magistrate Judge further recommends that the Defendants' motion to compel arbitration be denied because the "dispute" did not arise until Plaintiff filed her Charge of Discrimination, which was subsequent to the adoption of the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act (EFAA), 9 U.S.C. § 402, which made unenforceable at the alleged victim's discretion any arbitration agreement involving allegations of sexual harassment. (I*d*. at 10-16). Finally, the Magistrate Judge recommends granting Defendant's motion to dismiss Plaintiff's constructive discharge claim. (*Id*. at 8-10). No party filed objections to the R & R.

  **I.**  **Legal Standard**

   **A. Magistrate Judge's Recommendation**

  The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making

a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

### B. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of an action if a complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim or the applicability of defenses. . . Our inquiry then is limited to whether the allegations constitute a 'short and plaint statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can proved be proved, consistent with the complaint's allegations." *East Shore Markets, Inc. v. J.D. Associates Partnership*, 213 F.3d 175, 180 (4th Cir. 1980). While the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id*. To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## II.     Factual Background

Plaintiff alleges that she was employed in March 2018 by Defendant MGT, LLC as a delivery truck driver and the business was bought by Defendant K & K Family Ventures, LLC in late 2023. She alleges that she was subjected to "lewd and inappropriate" behavior by her supervisor, which included constant "requests to have a sexual relationship with Plaintiff," "inappropriate sexual advances," and "vulgar, sexual innuendos." (Dkt. No. 1 at ¶ 12, 13, 21). Plaintiff further alleges that she repeatedly turn down her supervisor's advances and asked him to stop. (*Id*. at ¶ 13). Plaintiff alleges that her supervisor reduced her hours after she raised concerns about his unwanted sexual advances, and, after she complained about her supervisor's sexual harassment, Human Resources transferred her to a different store to avoid working with the supervisor. Some months later, the supervisor was transferred to her location and "the harassment and inappropriate behavior" resumed. (*Id*. at ¶ 14-16). Plaintiff alleges she went to her manager to explain that she was not supposed to working in the same location as her supervisor, and the manager "laughed in Plaintiff's face." (*Id*. at ¶ 16). Plaintiff asserts that her constructive discharge was the result of her supervisor's persistent "lewd and inappropriate behavior," which caused her "mental anguish, humiliation, and the loss enjoyment of life." (*Id*. at ¶ 21, 31).

## III.     Discussion

The Court finds that the Magistrate Judge properly summarized the factual and legal issues regarding Plaintiff's hostile work environment claim and correctly concluded that the Defendant's motion to dismiss the hostile work environment claim should be denied. The Court adopts the Background, Applicable Law and the Hostile Work Environment Claim sections of the R & R as

the order of the Court (Dkt. No. 22 at 1-8) and denies Defendants' motion to dismiss the hostile work environment claim.

The Court further finds that the Magistrate Judge properly summarized the legal and factual issues involved in the Defendants' motion to compel arbitration and correctly concluded that the EFAA is applicable to Plaintiff's claim because her Charge of Discharge was made after the effective date of the EFAA. The Court adopts the section of the R & R relating to Arbitration as the order of the Court (*Id*. at 10-17) and denies Defendants' motion to compel arbitration.

The Court declines to adopt the portion of the R & R related to the constructive discharge claim. The complaint plausibly alleges repeated acts of sexual harassment, which included repeated lewd comments, sexual advances, and vulgar innuendos. (Dkt. No. 1 at ¶ 12, 13, 21). Plaintiff alleges that she was transferred to a location away from her supervisor after she reported his sexual harassment of her, but subsequently the supervisor was transferred to her work location and the harassment resumed. Plaintiff alleges that when she went to her manager to express concern about having to work again with the supervisor, the manager allegedly "laughed in Plaintiff's face." (*Id.* at ¶ 16).

It is well settled that a constructive discharge case involving alleged sexual harassment requires more than merely a showing of a hostile work environment. To establish a constructive discharge claim, Plaintiff must show that her working conditions are so intolerable that a reasonable person in her position would feel compelled to resign and did, in fact, resign. *Pennsylvania State Police v. Suders*, 542 U.S. 129, 146-7 (2004). "'Intolerability' is not established by showing merely that a reasonable person, confronted with the same choices as the employee, would have viewed resignation as the wisest or best decision, or even that the employee subjectively felt compelled to resign." *Perkins v. International Paper Company*, 936 F.3d 196,

211-212 (4th Cir. 2019). Frequency of alleged conduct is relevant and is more likely to show intolerability than isolated or infrequent conduct. *Evans v. International Paper*, 936 F.3d 183, 193 (4th Cir. 2019). A failure of an employee to address sexual harassment may contribute to a finding of an intolerable workplace, particularly where the employer required the employee to continue working with the harasser. *Dixon v. Boone Hall Farms, Inc.*, 2019 WL 6130472 at *4 (D.S.C. 2019). Further, sexual harassment by a supervisor is a relevant factor for consideration in evaluating the severity of the workplace misconduct. *See, Pennsylvania State Police v. Suders*, 542 U.S. at 143-146.

The Court finds, when viewing the evidence in a light most favorable to the non-moving party and taking each plausibly alleged fact as true, dismissal of this constructive discharge claim at the Rule 12(b)(6) stage is not appropriate. Plaintiff's allegations are sufficient at this stage to allege an objectively intolerable situation of persistent and humiliating sexual harassment that no reasonable person should be expected to tolerate and is the type of workplace environment in which a victim would feel she had no choice but to resign. The alleged absence of the employer's response to the report of repeated sexual harassment, the requirement that Plaintiff work with her harasser, and the fact that the alleged harasser had been at some point Plaintiff's supervisor all support the Court's denial of the Defendants' motion to dismiss. Further discovery may or may not support the Plaintiff's claims but at this stage she is entitled to have the opportunity to pursue her claim of constructive discharge.

**IV.	Conclusion**

Based on the foregoing, the Court adopts as the order of the Court all sections of the R &

R except the section titled Constructive Discharge Claim (Dkt. No. 22 at 8-10).  The Court denies Defendants' motions to dismiss and to compel arbitration. (Dkt. No. 12).  The matter is remanded to the Magistrate Judge for further processing.

    **AND IT IS SO ORDERED.**

                                                 _s/ Richard Mark Gergel_
                                                 Richard Mark Gergel
                                                 United States District Judge

March 24, 2025
Charleston, South Carolina